**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL BURKE, et al., | : | |
| | : | CIVIL ACTION NO. 10-73 (MLC) |
| Plaintiffs, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| HEALTH SCIENCES CONSTRUCTION | : | |
| GROUP, LTD., et al., | : | |
| | : | |
| Defendants. | : | |

COOPER, District Judge

Plaintiffs, Michael Burke ("Burke") and Wendy Burke
(collectively "the Burkes"), brought this action against
Defendant Health Sciences Construction Group, Ltd., d/b/a HSC
Builders & Construction Managers ("HSC") (improperly pleaded as
Health Sciences Construction Group, Ltd. and HCS Builders &
Construction Managers) alleging it failed to maintain a safe
worksite, thereby causing Burke to be injured when part of a
drill rig fell on him. (Dkt. entry no. 1, Compl.) HSC filed a
Third-Party Complaint against Burke's then-employer, Schnabel
Foundation Company ("Schnabel"), and drill rig manufacturer,
Davey Kent, Inc. ("DK"). (Dkt. entry no. 15, Third-Party Compl.)
HSC and Schnabel now separately move to dismiss the Complaint,
arguing the action is barred by the New Jersey Entire Controversy
Doctrine, with Schnabel relying on HSC's brief (collectively "the
Motions"). (Dkt. entry no. 34, HSC Br.; dkt. entry no. 35,

Schnabel Mot.)  The Burkes oppose the Motions.  (Dkt. entry no. 37, Pl. Opp'n.)  The Court determines the Motions without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b).  For the reasons stated below, the Court will deny the Motions.

**BACKGROUND**

In January 2008 Burke was an employee of Schnabel, which was in turn under contract with HSC.  (HSC Br. at 1.)  On January 28, 2008, Burke was injured while doing construction work.  (Id.) The Burkes allege that the boom of a drilling rig fell on Burke, injuring him.  (Compl. at 3.)  The Burkes claim these injuries are a "direct and proximate result" of HSC's failure to maintain a safe worksite or "comply with or formulate safety rules and regulations at the worksite."  (Id. at 3-4.)

HSC alleges it is entitled to insurance and indemnity under its contract with Schnabel, and that the drill rig failed because of design defects, manufacturing defects, or both, attributable to DK.  (Third-Party Compl. at 2-4.)  HSC also notes that the Burkes previously brought an action ("First Action") against DK in the District of New Jersey under Docket Number 08-1423, which settled in September 2009.  (Id. at 2; see Case No. 08-1423, dkt. entry no. 26, 9-29-09 Order.)  In its current Motion, HSC contends that it should have been joined in the First Action, because both actions are based on the "same operative facts

2

arising out of the same incident." (HSC Br. at 5-6.) Since it was not joined in the First Action, HSC argues the Entire Controversy Doctrine requires the Court to dismiss the Complaint, and that it has suffered prejudice because, among other reasons, the allegedly defective drill components have since been either modified or destroyed. (Id. at 6-7.)

The Burkes argue the Entire Controversy Doctrine does not apply here and that under federal principles of res judicata this action is not barred. (Pl. Opp'n at 6-7.) Alternatively, even if the Entire Controversy Doctrine applies, the Burkes argue it does not operate to bar this action because there is insufficient commonality of facts or because basic notions of fairness permit this action to move forward. (Id. at 7, 11.)

## DISCUSSION

## I.   Motion to Dismiss Standard

The Motions are not expressly premised on Rule 12(b)(6).[1] However, as discussed below, Rule 12(b)(6) provides the appropriate procedural vehicle.

---

[1] HSC moves based on "plaintiff's failure to comply with the entire controversy doctrine." (HSC Mot. at 2.) For the reasons discussed below, the Court treats the Motion as a motion to dismiss pursuant to Rule 12(b)(6), does not consider the documents submitted by both parties that constitute evidence not properly considered on a motion to dismiss, and declines to sua sponte convert the motion to one for summary judgment. See Patetta v. Wells Fargo Bank, NA, No. 09-2848, 2010 WL 1931256, at *6 (D.N.J. May 13, 2010); Frame v. Lowe, No. 09-2673, 2010 WL 503024, at *6 n.4 (D.N.J. Feb. 8, 2010).

### A.   Rule 12(b)(6) Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--that the 'pleader is entitled to relief.'"  Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

### B.   The Entire Controversy Doctrine and Rule 12(b)(6)

New Jersey follows the "Entire Controversy Doctrine," as codified in Rule 4:30A of the Rules Governing Civil Practice in the Superior Court, Tax Court and Surrogate's Courts.  Okpor v. Rutgers, St. Univ. of N.J., 196 Fed.Appx. 129, 131 (3d Cir.

4

2006).  The doctrine is based on the principle that "the adjudication of a legal controversy should occur in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." DiTrolio v. Antiles, 142 N.J. 253, 267 (1995) (quoting Cogdell v. Hosp. Ctr., 116 N.J. 7, 15 (1989)).

The Entire Controversy Doctrine and "traditional res judicata principles are blood relatives." Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).  Res judicata is an affirmative defense.  Fed.R.Civ.P. 8(c). "Addressing an affirmative defense on a Rule 12(b)(6) motion to dismiss, however, is a tricky business." Am. Music Theater Festival, Inc. v. TD Bank, N.A., No. 10-0638, 2011 WL 611837, at *5 (E.D. Pa. Feb. 18, 2011).  In the Third Circuit, "an affirmative defense may be raised on a 12(b)(6) motion if the predicate establishing the defense is apparent from the face of the complaint." Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 n.10 (3d Cir. 1978) (emphasis omitted).  This rule applies to "any affirmative defense raised pursuant to Rule 8(c), including res judicata." Rycoline, 109 F.3d at 886.

In reviewing a Rule 12(b)(6) motion, it is well-established that a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public

5

record, and documents that form the basis of a claim." Lum v.
Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004).  "In the
context of deciding a Rule 12(b)(6) motion that raises issue
preclusion concerns, and where a plaintiff has not included the
existence or substance of the prior adjudications in the body of,
or attachments to, its complaint, it is axiomatic that a court
must still consider the prior adjudication in order to determine
whether issue preclusion bars that plaintiff's claims." M & M
Stone Co. v. Pennsylvania, No. 09-3940, 2010 WL 2929833, at *5
(3d Cir. July 28, 2010); see also McTernan v. City of York, Pa.,
577 F.3d 521, 526 (3d Cir. 2009) ("In addition to the complaint
itself, the court can review documents attached to the complaint
and matters of public record, and a court may take judicial
notice of a prior judicial opinion.") (internal citation
omitted).  But see Brody v. Hankin, 145 Fed.Appx. 768, 771-72 (3d
Cir. 2005) ("[A]n affirmative defense will serve as grounds for a
Rule 12(b)(6) dismissal only if the basis for the defense is
evident on the face of the complaint. . . . [A] court that
examines a transcript of a prior proceeding to find facts
converts a motion to dismiss [on preclusion grounds] into a
motion for summary judgment.").

    Although the Complaint does not mention the First Action,
the First Action is a public record, the substance of which the

Court need not consider to determine the Motions.[2]  As discussed below, the Court need only "note the existence" of the <u>federal</u> First Action, which provides sufficient basis to decline application of the <u>state</u> Entire Controversy Doctrine.  <u>See</u> <u>Patetta</u>, 2010 WL 1931256, at *6.  The Court need not convert the Motions to motions for summary judgment, and in any case, is denying, not granting, the Motions.  <u>See</u> <u>Frame</u>, 2010 WL 503024, at *6 n.4 (considering public record documents not mentioned or relied on in the Amended Complaint, without converting the motion to summary judgment, and noting "since [defendant's] preclusion argument is otherwise rejected even with these documents, whether they are properly before the Court is moot").

## II.  **Applicability of The Entire Controversy Doctrine**

The Entire Controversy Doctrine "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party."  <u>In re Mullarkey</u>, 536 F.3d 215, 229 (3d Cir. 2008) (citation omitted).  "Successive claims are deemed to constitute a single controversy for purposes of the entire controversy doctrine when the claims arise from 'related facts or the same transaction or series of transactions.'"  <u>Okpor</u>, 196 Fed.Appx. at 131 (citing <u>DiTrolio</u>,

---

[2] While not dispositive, the Court also notes the wording of the Complaint here is strikingly similar to that of the complaint in the First Action.

142 N.J. at 267).  "The doctrine prevents a party from withholding part of a controversy to litigate later, even if the withheld claim constitutes a separate and independent cause of action."  Murray v. Crystex Composites LLC, 378 Fed.Appx. 159, 163 (3d Cir. 2010).

"In the case of a suit against a party that was not part of the original proceedings, 'the central question is whether the claims against the different parties arise from related facts or the same transaction or series of transactions.  It is the core set of facts that provides that link between distinct claims against the same or different parties and triggers the requirement that they be determined in one proceeding.'" Wisniewski v. Travelers Cas. & Sur. Co., 390 Fed.Appx. 153, 156 (3d Cir. 2010) (quoting Fornarotto v. Am. Waterworks Co., Inc., 144 F.3d 276, 279 (3d Cir. 1998)).  The Entire Controversy Doctrine "also applies to situations involving a former settlement where the same purposes of the doctrine would be served by precluding claims . . . and where another plaintiff had separately sued similar defendants and settled."  Rosenberg v. JCA Assocs., Inc., No. 03-0274, 2007 WL 1038893, at *10 (D.N.J. Mar. 30, 2007) (internal citations omitted).

Federal courts in New Jersey apply the Entire Controversy Doctrine to subsequent actions before them where the prior case reached a judgment in a New Jersey state court.  Fioriglio v.

8

City of Atl. City, 963 F.Supp. 415, 421 (D.N.J. 1997) ("Where the
first forum is a New Jersey state court, applying the entire
controversy doctrine where the second forum is a federal court or
the court of another state presents no conceptual problem, a
least after the first forum has rendered its judgment."").
Indeed, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires
a federal court to give a New Jersey judgment the same preclusive
effect New Jersey would give it.  See Rycoline, 109 F.3d at 887.

    The answer is different, however, "[w]here the first forum's
judgment is rendered by a non-New Jersey court which does not
have an entire controversy doctrine."  Fioriglio, 963 F.Supp. at
421.  In this situation "the doctrine's application is murkier,
since the second forum would be asked to bar claims based on a
judgment which would not bar those very same claims were they
thereafter asserted in the first forum itself."  Id.  The Third
Circuit Court of Appeals examined the preclusive effect of a
prior federal court decision, sitting in diversity, on a second
action in a federal court with federal jurisdiction, and held
that federal preclusion law should apply.  In re Kaplan, 143 F.3d
807, 814-15 (3d Cir. 1998) (but at that point noting "this
circuit has not yet decided which preclusion law it will apply in
the successive-diversity context").

    The Third Circuit addressed "successive diversity" in
Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 139 (3d Cir.

1999).  Following the "majority of circuits" and applying Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), Paramount concluded "the law of the issuing court . . . determines the preclusive effects of a prior judgment" and the "entire controversy doctrine is not the right preclusion doctrine for a federal court to apply when prior judgments were not entered by the courts of New Jersey." Id. at 138, 145.  The Paramount court noted its decision had been "clearly foreshadowed" by Kaplan.  Id. at 145. The Kaplan court in turn had noted the "majority of circuits" held that "federal law governs the preclusive effect of a diversity judgment in a subsequent diversity suit." Kaplan, 143 F.3d at 815 n.15 (internal citation omitted).

**III. Current Motion**

If the Court were asked to determine the preclusive effect of a New Jersey state court judgment, the Entire Controversy Doctrine might control.  See Murray, 378 Fed.Appx. at 163-64. The Court here has jurisdiction under 28 U.S.C. § 1332(a)(1); the First Action also appears to have been premised on state law, and it reached final judgment to the satisfaction of the Entire Controversy Doctrine.  See Rosenberg, 2007 WL 1038893, at *9. But the First Action was a federal action in the District of New Jersey, and under Paramount, federal principles of res judicata apply.

10

HSC urges the Court to discount Paramount because it did not have cause to apply New Jersey law at all.  (Dkt. entry no. 39, HSC Rep. at 3-4.)  Instead, HSC argues Melikian v. Corradetti, 791 F.2d 274 (3d Cir. 1986) and Rycoline control, requiring the Court to apply the Entire Controversy Doctrine.  (Id.)  The Court disagrees.  In Rycoline, the prior action was ongoing and so the Entire Controversy Doctrine did not yet bar the subsequent action.  109 F.3d at 889-90.  More importantly, the prior action was in state court, significantly distinguishing it from the case here.  Id.  While Melikian appears to better support HSC's position, Paramount suggests Melikian was incorrect.  178 F.3d at 139 n.4 (observing the Melikian court merely assumed the Entire Controversy Doctrine applied without addressing the choice of law issue, and thus concluding Melikian was not controlling).

The Paramount decision, on the other hand, proceeded from Kaplan, which had suggested in dicta that federal preclusion rules would likely apply to "successive diversity" cases and cited other federal Courts of Appeals decisions supporting that proposition.  Id. at 145; Kaplan, 143 F.3d at 815 n.15.  While Paramount was situated among a complex group of cases filed in multiple jurisdictions, its holding is clear: federal courts in "successive diversity" cases should apply federal preclusion rules.  178 F.3d at 145.

11

The Court may be "apprehensive about allowing Plaintiff a second bite at the apple." RLR Invs., LLC v. Town of Kearny, No. 07-364, 2009 WL 1873587, at *4 (D.N.J. June 29, 2009) (declining to apply the Entire Controversy Doctrine but dismissing on ripeness and supplemental jurisdiction grounds).  While the Burkes claim their litigation was not strategically structured, they have essentially admitted the opposite, stating they sued DK first, without the complication of HSC, to maximize recovery from DK's insurance policy since DK "had no other assets to pay a judgment."  (Pl. Opp'n at 12 and n.1.)  They now seek to recover "the balance of the damages" from HSC.  (Id.)  However, because this action and the First Action comprise a case of "successive diversity," the Entire Controversy Doctrine does not apply and Court will deny the Motions.

## IV.  Res Judicata and Collateral Estoppel

Res judicata, or claim preclusion:

> will bar a suit if (1) the judgment in the first action
> is valid, final and on the merits; (2) the parties in
> both actions are the same or are in privity with each
> other; and (3) the claims in the second action . . .
> arise from the same transaction or occurrence as the
> claims in the first one.

Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995).  Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing litigation of matters that should have been raised in an earlier suit."  Migra v. Warren City Sch. Dist. Bd. of

12

<u>Educ.</u>, 465 U.S. 75, 77 n.1 (1984).  As a result, a judgment
"foreclos[es] litigation of a matter that never has been
litigated, because of a determination that it should have been
advanced in an earlier suit."  <u>Id.</u>

Collateral estoppel, or issue preclusion:

proscribes relitigation when the identical issue already
has been fully litigated. [It] may be invoked when: (1)
the identical issue was decided in a prior adjudication;
(2) there was a final judgment on the merits; (3) the
party against whom the bar is asserted was a party or in
privity with a party to the prior adjudication; and (4)
the party against whom the bar is asserted had a full
and fair opportunity to litigate the issue in question.

<u>Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund v.
Centra</u>, 983 F.2d 495, 505 (3d Cir. 1992).

Because HSC does not move to dismiss here pursuant to
federal res judicata or collateral estoppel, the Court will not
make any determinations regarding these affirmative defenses now.
But because HSC raised them in its Answer (dkt. entry no. 6, Ans.
at 4), and because it appears that these defenses may bar the
Burkes' action, the Court will order the parties to show cause
why the Court should not dismiss the Complaint based upon them.

13

**CONCLUSION**

The Court, for the reasons stated supra, will deny the Motions to Dismiss and issue an Order To Show Cause why res judicata or collateral estoppel do not bar this action.


                                        s/Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge


Dated:   March 30, 2011