**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MICHAEL BURKE, et al., | : CIVIL ACTION NO. 10-73 (MLC) |
| Plaintiffs, | : **O R D E R** |
| v. | : |
| HEALTH SCIENCE CONSTRUCTION GROUP, LTD., et al., | : |
| Defendants. | : |

**DEFENDANT** Health Science Construction Group, Ltd. ("HSC") moving to dismiss the Complaint with prejudice, alleging that Plaintiffs, Michael Burke and Wendy Burke, discarded certain evidence that HSC considers vital to its defense in this action (dkt. entry no. 55, Mot. Dismiss);[1] and HSC thus arguing that the Court should dismiss the Complaint with prejudice, as dismissal is, according to HSC, an appropriate sanction for spoliation of such evidence (id. at 5-15); and HSC also arguing that the Court should dismiss the Complaint with prejudice pursuant to the doctrine of equitable estoppel (id. at 16-17); and

**PLAINTIFFS OPPOSING** the Motion, arguing that: (1) because Plaintiffs lacked control of the evidence at issue, they should not be sanctioned for its destruction; and (2) because HSC failed

---

[1] HSC asserts that Plaintiffs improperly sued HSC and a second named Defendant, HSC Builders and Construction Managers, whereas Plaintiffs should have sued "[HSC] d/b/a HSC Builders and Construction Managers". (Dkt. entry no. 55, Notice of Mot. at 1-2.)  Because HSC contends that these entities are, in fact, one and the same, the Court will refer to both simply as "HSC".

to raise equitable estoppel as an affirmative defense to the Complaint, it cannot raise it, now, by motion (dkt. entry no. 58, Opp'n Br. at 6, 7-16);[2] and Plaintiffs also seeking relief, though failing to file a cross-motion (id. at 17-22); and that relief taking the form of: (1) a request for production of a certain set of unredacted set claim notes, as originally entered by a former employee of Travelers Insurance Company; and (2) a request to strike the Certification of Ricardo Archuleta, docketed in this action as docket entry no. 57-1 (id.); and

**THE COURT ADDRESSING** the Motion and purported Cross-Motion without oral argument pursuant to Local Civil Rule 78.1(b); and

**THE COURT CONSTRUING** the Motion as a motion to dismiss filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6);[3] and the Court noting that upon consideration of a motion filed pursuant to Rule 12(b)(6), the Court generally may not "consider matters extraneous to the pleadings", In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); and the Court further noting that upon presentation of such extraneous matters, the Court must (1) treat a motion filed pursuant to Rule

---

[2] HSC did, in fact, plead equitable estoppel as an affirmative defense, asserting that "Plaintiff[s'] claims are equitably barred by failing to join all defendants in one single legal action". (See dkt. entry no. 73, Answer, Affirmative Defenses at ¶ 9.)

[3] The Court notes that the parties failed to address the nature of the Motion or the appropriate standard of review in their respective briefs.

12(b)(6) as a motion for summary judgment, and (2) allow the parties a reasonable opportunity to present all material that is pertinent to the motion, Fed.R.Civ.P. 12(d); and

**IT APPEARING THAT** the parties' arguments upon the Motion, and the evidence supporting those arguments, extend beyond the fair scope of the pleadings; and it thus appearing, pursuant to Rule 12(d), that the Motion should be treated as a motion for summary judgment, rather than a motion to dismiss, see id.; and the parties, who have treated the Motion as a motion to dismiss rather than a motion for summary judgment, having denied themselves the opportunity to present all material relevant to the Motion, including statements of undisputed facts and responses thereto, as required by Local Civil Rule 56.1(a); and

**IT FURTHER APPEARING THAT** such issues may be ripe for summary judgment; and the Court having the inherent power to control the docket, Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991); and it appearing that the Court should address issues relating to the doctrine of equitable estoppel before addressing any issues relating to Plaintiffs' alleged spoliation of evidence; and it further appearing that the Magistrate Judge should dispose of Plaintiffs' requests for relief; and for good cause appearing:

**IT IS THEREFORE** on this   14th   day of November, 2011, **ORDERED** that the motion to dismiss by Defendant, Health Science Construction Group, Ltd. ("HSC") (dkt. entry no. 55) is **DENIED**; and

**IT IS FURTHER DIRECTED** that HSC may move for relief with respect to the doctrine of equitable estoppel under Federal Rule of Civil Procedure ("Rule") 56, upon a proper notice of motion and in full accordance with the Federal Rules of Civil Procedure and the Local Civil Rules; and

**IT IS FURTHER ORDERED** that HSC shall not move for relief with respect to the issue of spoliation under Rule 56 until: (1) this Court has ruled upon its prospective motion for summary judgment, relating to the doctrine of equitable estoppel; or (2) HSC files a statement of record, noting its intention to waive any such argument; and

**IT IS FURTHER DIRECTED** that Plaintiffs may move for relief before the Magistrate Judge, insofar as they seek either: (1) production of the above-mentioned Travelers Insurance Company claim notes; or (2) to strike the Certification of Ricardo Archuleta.

                                                  s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge